**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF OKLAHOMA**<br>215 Dean A. McGee Avenue, Ste. 707<br>Oklahoma City, OK 73102<br><br>**Plaintiff,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue NW<br>Washington, D.C. 20535<br><br>**Defendants.** | **Case No.: 26-cv-3731** |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. Plaintiff Federal Public Defender for the Western District of Oklahoma (FPD-WDOK), by and through Assistant Federal Public Defender Hunter Labovitz, brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 to compel Defendants Federal Bureau of Investigation (FBI) and U.S. Department of Justice (DOJ) to prioritize Plaintiff's request and promptly conduct all necessary searches reasonably calculated to locate responsive records, issue a determination, and produce all nonexempt responsive records within their possession, custody, and/or control on an expedited, rolling basis as they become available.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff FPD-WDOK, requester of the records at issue, is a federal defender organization established under the Criminal Justice Act, 18 U.S.C. § 3006A, whose Capital Habeas Unit represents Oklahoma death-row inmates. Emma Rolls, First Assistant Federal Public Defender and Capital Habeas Unit Chief, represents Clarance Rozell Goode, Jr., the subject of the requested FBI records, pursuant to 18 U.S.C. § 3599(a)(2).[1] Mr. Goode faces an anticipated execution in February 2027.[2] The request serves Mr. Goode's and the broader public's interests in the federal government's investigation and handling of the criminal case involving Mr. Goode. Through its representation, advocacy, and public court filings, FPD-WDOK informs the public and contributes to its scrutiny of these governmental practices. Substantial public interest exists in law enforcement conduct that results in the loss of liberty, and possibly life, of a citizen—matters which are central to the records at issue. The significant public interest is reflected in a September 2026 citizens' petition seeking a grand-jury investigation of Tulsa County District Attorney Steven Kunzweiler, who capitally prosecuted Mr. Goode in 2007.[3]

5. Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. DOJ maintains administrative control and oversight over the FBI, which is a component and subordinate entity of the DOJ.

6. Defendant FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C. The FBI is a component and subordinate entity of the DOJ.

---

[1] *See Goode v. Workman,* No. 11-cv-150-GKF-FHM, Order (N.D. Okla. Mar. 17, 2011).

[2] *See Order*, *In re: Setting of Execution Dates*, D-2008-43 (Okla. Crim. App. July 9, 2010) (Ex. 2—appendix at 057-064), ordering executions to occur at approximately 90-day intervals in the order listed. Mr. Goode is listed after James Pavatt, scheduled for execution November 12, 2026.

[3] *See* Petition to Impanel Grand Jury, No. GJ-2026-2 (Tulsa Cnty. Dist. Ct. Sept. 23, 2026)(available at https://www.grandjuryjustice.us/assets/GJ-2026-2-Filed-Petition.pdf (last visited Oct. 23, 2026); *see also* Ex. 1—08/11/2026 request, § I. Statement of Public Interest.

**BACKGROUND**
**August 11, 2026 FOIA Request to the FBI**

7. On August 11, 2026, Emma Rolls, First Assistant Federal Public Defender for the Western District of Oklahoma and Capital Habeas Unit Chief, submitted the FOIA request at issue. (*See* Ex. 1—08/11/2026 request, Ex. 2—appendix, and Ex. 3—08/11/2026 FBI email receipt.)

8. Plaintiff's FOIA request was highly specific, detailed, accompanied by an appendix of supporting documents, and submitted through the FBI's online portal seeking records concerning Clarance Rozell Goode, Jr., FBI Case No. 198A-OC-3376838, and related matters. (*See* Ex. 1—08/11/2026 request, § II; and Ex. 2—appendix.)

9. Pursuant to 5 U.S.C. § 552a(b), Clarance Rozell Goode, Jr. authorized release of the records relating to himself to FPD-WDOK as indicated by his signature on FORM DOJ-361. (*See* Ex. 2—appendix at 001.)

10. Plaintiff requested rolling production of the records due to the urgency of the matter and asked to consult for the purpose of clarifying or reasonably narrowing the request as necessary to facilitate processing. (*See* Ex. 1—08/11/2026 request, § IV.)

11. Pursuant to 28 C.F.R. § 16.10(k) Plaintiff sought a fee waiver, as: (1) disclosure of the requested information is in the public interest, not for commercial use, and will contribute significantly to public understanding of the operations or activities of the government; and (2) co-requestor ACLU-OK is a non-profit organization whose interests are related to the protection and advancement of the rights of individuals. If the request for fee waiver was denied, Plaintiff requested to be notified if fees were expected to exceed $250.00. (*See* Ex. 1—08/11/2026 request, § V.)

12. Pursuant to 5 U.S.C. § 552(a)(6)(E)(vi), Ms. Rolls certified the statement requesting expedited processing based on: (1) an imminent threat to the life of, and loss of substantial due

process rights to, Clarance Goode (given his anticipated February 2027 execution date and the requested records' potential for supporting legal claims that could halt his execution); and, (2) widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See* 5 U.S.C. § 552(a)(6)(E)(v); 28 CFR § 16.5(e). (*See* Ex. 1—08/11/2026 request, § VI.)

13. Plaintiff received an August 20, 2026 letter from the FBI acknowledging receipt of the request submitted via the eFOIPA system and noting its assigned Request No. 1753451-000. The letter further indicated that the request for a public fee waiver was under consideration; however, the boxes confirming an intent to release the records remained unchecked. (*See* Ex. 4—08-20-2026 FBI letter.)

14. Plaintiff received an August 24, 2026 letter from the FBI indicating that their request for expedited processing was granted based on 28 C.F.R. §16.5 (e)(1)(i), (iv) based on: (1) the imminent threat to the life of Clarance Goode; (2) widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. (*See* Ex. 5—08/24/2026 FBI letter.)

15. On August 25, 2026, the FBI responded to a status request stating the request was "in initial processing," "requests are processed in the order in which they are received," provided a processing estimate of 2,010 days, and subsequently clarified that "once expedited processing has been approved," the request would be processed "as soon as practicable." (*See* Ex. 6—08/25 to 10/02/2026 emails.)

16. On September 25, 2026, Plaintiff requested a substantive status update, specifically inquiring: (1) if the FBI had completed its index search; (2) whether potentially responsive records had been identified; (3) if search requests had been forwarded to FBI field offices, divisions, or

other custodians and, if so, their status; and (4) whether the request was designated for expedited processing and its current processing track. (*See* Ex. 6—08/25 to 10/02/2026 emails.)

17. On September 28, 2026, the FBI responded that the request was still "in initial processing," "requests are processed in the order in which they are received," and provided an estimate of 2,010 days. (*See* Ex. 6—08/25 to 10/02/2026 emails.)

18. On September 28, 2026, Plaintiff replied to the FBI "to clarify the status and treatment of [the] request," attached the 08/24/2026 FBI letter indicating approval of Plaintiff's request for expedited processing, inquired whether the request was being given expedited treatment and prioritized before other requests, and emphasized that the estimation of 2,010 days to produce the records extends years beyond the anticipated February 2027 execution date—the event upon which the FBI based its approval for expedited treatment. Again, Plaintiff requested a non-automated, substantive response. (*See* Ex. 6—08/25 to 10/02/2026 emails.)

19. On September 29, 2026, the FBI responded with the same information contained in its prior August 25, 2026 and September 28, 2026 emails: the request was still "in initial processing," "requests are processed in the order in which they are received," and provided an estimate of 2,010 days. (*See* Ex. 6—08/25 to 10/02/2026 emails.)

20. On September 29, 2026, Plaintiff replied and inquired why the FBI was not expediting and prioritizing the request in light of the FBI's August 24, 2026 expedited-processing approval letter. (*See* Ex. 6—08/25 to 10/02/2026 emails.)

21. On September 29, 2026, the FBI responded stating that, "once expedited processing has been approved, the Record/Information Dissemination Section will process the request 'as soon as practicable.'" (*See* Ex. 6—08/25 to 10/02/2026 emails.)

22. Between September 29, 2026 and October 2, 2026, Plaintiff left four voicemails with the FBI Public Information Office and sent five emails requesting to speak to an information officer by telephone about the request. (*See* Ex. 6—08/25 to 10/02/2026 emails.)

23. On October 6, 2026, an FBI public-information officer named Piper spoke by telephone to Angie Beery, Paralegal-Investigator for the Federal Public Defender for the Western District of Oklahoma, and reported that the Request remained in the "searching for records" phase; that this phase is "not necessarily expedited"; that the FBI could provide no estimate of when the Request would advance to the next stage; and that expedited requests typically receive priority only at the subsequent stage, when responsive records are assigned to a disclosure analyst. (*See* Ex. 7—10/22/2026 declaration of Angie Beery.)

24. For more than two months, and as of the date of this filing, the status of the request has remained unchanged on FBI's online portal (vault.fbi.gov): "The FBI's FOIPA Program is searching the FBI's indices for potentially responsive documents. You may be contacted via formal letter for all fees and/or negotiation issues that may apply."

25. Despite the August 24, 2026 FBI letter (Ex. 5) advising that expedited processing was approved, Defendant FBI has provided no indication that the request has been given priority, has been placed in the expedited-processing track, and is being processed as required by 5 U.S.C. § 552(a)(6)(E)(iii) and 28 C.F.R. § 16.5(e)(4).

26. Defendant FBI did not provide a compliance determination notice within 20 business days (by September 9, 2026) or thereafter—i.e., no compliance determination has been provided as of the date of this filing as required by 5 U.S.C. § 552(a)(6)(A)(i).

27. Defendant FBI has not provided notice to Plaintiff of their fee-waiver determination.

28. Defendant FBI has not produced any responsive records to Plaintiff.

29. Plaintiff is deemed to have exhausted its administrative remedies and is entitled to judicial review.

## CAUSES OF ACTION

### Count I—Failure to Timely Determine and Process Plaintiff's FOIA Request

30. Plaintiff incorporates by reference all paragraphs above as though fully set forth herein.

31. Plaintiff submitted a proper FOIA request reasonably describing the records sought and supplying detailed identifying information and an accompanying appendix of supporting documents to facilitate the FBI's search for responsive agency records. 5 U.S.C. § 552(a)(3)(A), 28 C.F.R. § 16.3(b). (*See* Ex. 1—08/11/2026 request, and Ex. 2—appendix.)

32. FOIA requires agencies to make a compliance determination within 20 business days and produce requested agency records unless properly withheld pursuant to a statutory exemption. 5 U.S.C. § 552(a)(6)(A)(i), § 552 (a)(3)(A), § 552 (b).

33. FOIA vests jurisdiction in this Court to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

34. Defendant FBI has not produced any responsive records, made a determination concerning Plaintiff's request, identified any exemption supporting withholding, or provided a lawful basis for doing so.

35. Defendant FBI's failure to make the determination required within the statutory timeframe permits Plaintiff to consider their administrative remedies constructively exhausted and seek judicial review. *See Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 188–89 (D.C. Cir. 2013); 5 U.S.C. § 552(a)(6)(C)(i).

**Count II—Failure to Comply with Granted Expedited Processing**

36. Plaintiff incorporates by reference all paragraphs above as though fully set forth herein.

37. FOIA requires agencies to provide for expedited processing in cases involving a compelling need and to process requests granted expedited treatment as soon as practicable. 5 U.S.C. § 552(a)(6)(E)(i), (iii).

38. DOJ regulations require that "if expedited processing is granted, the request shall be given priority, placed in the processing track for expedited requests, and shall be processed as soon as practicable." 28 CFR § 16.5 (e)(4).

39. Plaintiff requested expedited processing based on: (1) an imminent threat to the life of, and loss of substantial due process rights to, Clarance Goode; and (2) widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See* 5 U.S.C. § 552(a)(6)(E)(v); 28 CFR § 16.5(e). (*See* Ex. 1—08/11/2026 request, § VI.)

40. Defendant FBI granted the request for expedited processing based on 28 C.F.R. § 16.5 (e)(1)(i), (iv): (1) the imminent threat to the life of Clarance Goode; (2) widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. (*See* Ex. 5—08/24/2026 FBI letter.)

41. Despite granting expedited processing, Defendant FBI has left Plaintiff's request in an unresolved search phase and has repeatedly supplied a standard-request processing estimate of 2,010 days—which is years after the event creating the "compelling need" for the records: Mr. Goode's anticipated February 2027 execution. (*See* Ex. 6—08/25 to 10/02/2026 emails.)

42. Defendant FBI's failure to prioritize Plaintiff's request and process it as soon as practicable violates FOIA and DOJ's expedited-processing requirements and warrants judicial supervision of

the prompt, rolling production of responsive, nonexempt records. *See Nischnic v. U.S. Dep't of Justice*, 671 F. Supp. 776, 791 (D.D.C. Sept. 18, 1987) ("There is, of course, a public interest in our government's conducting itself fairly and humanely. The judiciary shares in this obligation to the extent of ensuring that the administrative process handling FOIA requests, and judicial review of those proceedings, should not be delayed."); *see also Democratic Nat'l Comm. v. DOJ*, No. 1:26-cv-00825, Minute Order (D.D.C. May 26, 2026) (Howell, J.) (ordering a minimum number of pages produced monthly on a rolling basis). As recognized by this Court in that order, such relief is particularly appropriate where delayed disclosure threatens to deprive the requested information of its practical value. *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)) ("[S]tale information is of little value."); *Nischnic*, 671 F. Supp. at 791 ("A bona fide request for the production of documents must be honored in time for that information to be useful.").

**Count III—Failure to Timely Decide Fee Waiver Request**

43. Plaintiff incorporates by reference all paragraphs above as though fully set forth herein.

44. FOIA requires fees to be waived or reduced where disclosure is in the public interest because it is likely to contribute significantly to public understanding of government operations and is not primarily in the requester's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii).

45. Plaintiff properly sought a fee waiver, as: (1) disclosure of the requested information is in the public interest, not for commercial use, and will contribute significantly to public understanding of the operations or activities of the government; and (2) co-requestor ACLU-OK is a non-profit organization whose interests are related to the protection and advancement of the rights of individuals. *Id.*, 28 C.F.R. § 16.10(k). (*See* Ex. 1—08/11/2026 request, § V.)

46. On August 20, 2026, Defendant FBI informed Plaintiff that their fee waiver request was under consideration; however, as of the date of this filing, no decision has been made. (*See* Ex. 4—08-20-2026 FBI letter.)

47. Defendant FBI's failure to make a timely determination permits Plaintiff to consider their administrative remedies constructively exhausted and seek judicial review. *See Judicial Watch v. Rossotti*, 326 F.3d 1309, 1311-2 (D.C. Cir. 2003) ("A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the [fee waiver] request within twenty days.") (citations omitted); *see also* U.S. Dep't of Just., *Department of Justice Guide to the Freedom of Information Act: Fees and Fee Waivers,* 34 (2023), https://www.justice.gov/oip/media/1389826/dl (last visited Oct. 19, 2026) ("The statutory twenty-working day time period to respond to a request has been applied to the resolution of fee waiver (and fee) issues by several courts, including the D.C. Circuit.").

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' failure to timely process and determine Plaintiff's FOIA request violates FOIA;

B. Declare that Defendants have failed to process Plaintiff's request as soon as practicable after granting expedited processing;

C. Enjoin Defendants from continuing to withhold responsive agency records improperly;

D. Order Defendants to promptly conduct all necessary searches reasonably calculated to locate responsive records and issue a compliance determination;

E. Order Defendants to prioritize Plaintiff's request and produce all nonexempt responsive records on an expedited, rolling basis as they become available;

F. Retain jurisdiction to supervise Defendants' processing and implement a rolling production schedule of responsive, nonexempt records to ensure production as soon as possible ahead of the anticipated February 2027 execution of Mr. Goode;

G. Order Defendants to provide an adequate written explanation of any records or portions of records withheld and to release all reasonably segregable nonexempt information;

H. Award Plaintiff reasonable attorney's fees and litigation costs incurred in this action; and

I. Grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/Hunter S. Labovitz*
HUNTER S. LABOVITZ
Assistant Federal Public Defender
OFFICE OF THE FEDERAL PUBLIC DEFENDER
Western District of Oklahoma, Capital Habeas Unit
215 Dean A. McGee Ave., Suite 707
Oklahoma City, Oklahoma 73102
Telephone: (405) 609-5975
Email: Hunter_Labovitz@fd.org

Date: October 23, 2026

COUNSEL FOR PLAINTIFF